IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JACOB R. ELLIOTT, JOHN E. SHANNON, JR. JOSHUA T. LEGGETT, DONALD W. BOXX AND BENJAMIN MILLER | **PLAINTIFFS/COUNTER-DEFENDANTS** |
| V. | CIVIL ACTION NO. 2:19-cv-02807-TLP-cgc |
| **ILLINOIS CENTRAL RAILROAD COMPANY** | **DEFENDANT/COUNTER-PLAINTIFF THIRD-PARTY PLAINTIFF** |
| V. | |
| **MEMPHIS LIGHT GAS & WATER** | **THIRD-PARTY DEFENDANT** |

## ILLINOIS CENTRAL RAILROAD COMPANY'S MOTION TO COMPEL

Defendant/Counter-Plaintiff Illinois Central Railroad Company ("Illinois Central"), by and through counsel, moves this Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order compelling Plaintiffs to respond to Illinois Central's requests for production of documents and to supplement their respective responses to Illinois Central's interrogatories. In support, Illinois Central would show as follows:

1. Despite the expiration of the 30-day deadlines prescribed by FRCP 34, as well as several follow up requests from counsel for Illinois Central, Plaintiffs have wholly failed to respond to Illinois Central's requests for production of documents, which were propounded to Plaintiffs more than three months ago on December 20, 2019. These requests included requests that Plaintiffs sign and return authorizations for the release of their medical, employment and tax records, which Plaintiffs have also failed to provide. Illinois Central therefore seeks an order from this Court compelling Plaintiffs to respond to the request for production and to provide Illinois Central with the signed authorizations. Plaintiffs' failure to provide this information

within the deadline prescribed by Rule 34 means they have waived their right to assert any objections.

2.  Illinois Central also requests that the Court enter an order compelling Plaintiffs to supplement their respective responses to an interrogatory asking them to provide a summary of any statements of Illinois Central Plaintiffs believe constitute statements against interest. Although Plaintiffs stated in their respective responses to the interrogatory that they each had a conversation with an Illinois Central employee immediately following the accident at issue in this lawsuit, Plaintiffs failed to identify the substance of the conversations or the statements they deem to be against Illinois Central's interest. This Court should compel Plaintiffs to provide this information or should prohibit them from introducing the undisclosed statements at trial or in response to a dispositive motion after discovery.

3.  Illinois Central further requests that the Court grant all relief permitted or deemed appropriate under FRCP 37, including the assessment of costs and attorney's fees associated with the filing of this motion. *See* FRCP 37(a)(5)(A) ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."); FRCP 37(d)(1)(A) ("The court where the action is pending may, on motion, order sanctions if : . . a party, after being properly served with . . . a request for inspection under Rule 34, fails to serve its answers, objections, or written response.").

4.  In support of this Motion, Illinois Central relies in part on the following:

Exhibit A    Illinois Central's First Set of Requests for Production to Plaintiff, Jacob R. Elliott;

| | |
|---|---|
| Exhibit B | Illinois Central's First Set of Requests for Production to Plaintiff, John E. Shannon, Jr.; |
| Exhibit C | Illinois Central's First Set of Requests for Production to Plaintiff, Joshua T. Leggett; |
| Exhibit D | Illinois Central's First Set of Requests for Production to Plaintiff, Donald W. Boxx; |
| Exhibit E | Illinois Central's First Set of Requests for Production to Plaintiff, Benjamin Miller; |
| Exhibit F | Plaintiffs' respective answers to Interrogatory No. 17 (collectively filed as a one exhibit); |
| Exhibit G | Email correspondence dated 1/22/2020; and |
| Exhibit H | Email correspondence dated 2/17/2020-3/6/2020; and |
| Exhibit I | Correspondence dated 2/24/2020. |

Illinois Central also relies on the facts and arguments presented in its memorandum submitted contemporaneously herewith.

THIS the 31st day of March, 2020.

          Respectfully submitted,

          ILLINOIS CENTRAL RAILROAD COMPANY

          By: */s/ James E. Graves, III*
              JAMES E. GRAVES, III (*pro hac vice*)

OF COUNSEL:

**WISE CARTER CHILD & CARAWAY, P.A.**
401 East Capitol Street, Suite 600 (39201)
Post Office Box 651
Jackson, Mississippi 39205-0651
P:  601-968-5500

3

F: 601-968-5593
jeg@wisecarter.com