IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JACOB R ELLIOTT, JOHN E SHANNON, JR, JOSHUA T LEGGETT, DONALD W BOXX, and BENJAMIN MILLER, <br><br>  Plaintiffs, <br><br>v. <br><br>ILLINOIS CENTRAL RAILROAD COMPANY, <br><br>  Defendant, <br><br>v. <br><br>MEMPHIS LIGHT GAS & WATER, <br><br>  Third-Party Defendant. | No. 2:19-cv-02807-TLP-cgc <br><br> JURY DEMAND |

### ORDER DENYING FIRST MOTION TO STRIKE
### UNTIMELY OPINIONS OF PLAINTIFFS' EXPERT WITNESS

#### **BACKGROUND**

Defendant moves to strike the untimely opinion of Plaintiff's expert witness under Rule 37 of the Federal Rules of Civil Procedure. (ECF No. 149.) And Plaintiff responded in opposition. (ECF No. 158.)

For background, Plaintiffs initially failed to timely designate an expert witness. Plaintiffs then moved the Court for more time to designate expert witness Megan Avery for the limited purpose of assessing Plaintiffs' alleged post-traumatic stress disorder ("PTSD"). (ECF No. 113.) The Court granted Plaintiffs' request. (ECF No. 124.)

But Defendant now claims that Avery's opinions exceed the scope of the Court's order.

(ECF No. 149.)  Specifically, Avery included in her report that (1) Plaintiff Boxx suffers from Alcohol Use Disorder, which PTSD worsened; (2) Plaintiff Elliott suffers from an unnamed "other Specific Trauma and/or Stressor Related Disorder;" which worsened his Alcohol Use Disorder; (3) Plaintiff Miller suffers from an unnamed "other Specific Trauma and/or Stressor Related Disorder;" and (4) Plaintiff Shannon suffers from an unnamed "other Specific Trauma and/or Stressor Related Disorder," which has caused Alcohol and Cannabis Use Disorder.  (*Id.* at PageID 796.)  Avery links these illnesses to the train/truck accident.  (*See id.*)  And Defendant claims that these opinions are not PTSD diagnoses, which violates the Court's order.  (*Id.*)  As such, Defendant requests that the Court strike these opinions from the record and prohibit Plaintiffs from using these diagnoses.  (*Id.* at PageID 797.)

On the other hand, Plaintiffs argue that most of Avery's diagnoses fall within the scope of the Court's order.  (ECF No. 158.)  Plaintiffs explain that many symptoms may occur with PTSD.  (*Id.* at PageID 855.)  And a person might experience some, but not all, of those symptoms—in which case a sub-clinical diagnosis may apply.  (*Id.*)  Plaintiffs contend that Avery diagnosed two plaintiffs with PTSD due to the train-truck accident and three plaintiffs with a sub-clinical category of PTSD traced directly to the train-truck accident.  (*Id.*)  As for Avery's Alcohol and Cannabis Use assessments, Plaintiffs explain that Defendant has rebutted Avery's diagnoses through counter-designation of their own expert witness.  (*Id.* at PageID 857.)  Thus, Defendant has suffered no prejudice.  (*Id.*)  And so, Plaintiffs argue that this Court should not exclude Avery's opinions.

Overall, the Court agrees with Plaintiff.

## ANALYSIS

Defendant argues that under Federal Rule of Civil Procedure 37(c)(1), the Court may strike the disputed portions of Plaintiffs' expert designations as being untimely. Under that rule, a Court may order sanctions for a party's failure to make disclosures or to cooperate in discovery. Rule 37(c)(1) says that if a party fails to identify a witness as required by Rule 26, that party is not allowed to use that witness "unless the failure was substantially justified or is harmless."

Further, "rule 37(b) addresses the most serious type of discovery violation—the failure to obey a discovery order entered by the court." *Commentary*, Fed. R. Civ. P. 37(b). Under Rule 37(b)(2)(A), the available sanctions reflect the seriousness of the offense. *Id.* Those sanctions include, but are not limited to, (i) directing matters to be taken as established for purposes of the action, or (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii).

To be clear, this Court views Rule 37 sanctions as serious and reserves them for when a party makes a clear violation. But here, this Court, after hearing from both parties, allowed Plaintiffs to designate Avery after the original deadline. (ECF No. 124.) What is more, the Court finds that Avery's opinions do not clearly exceed the scope of this Court's order and do not warrant sanctions under Rule 37.

In Avery's opinion, some of the Plaintiffs suffer from sub-clinical categories of PTSD, which she traces to the train-truck accident. (*See* ECF No. 149-1.) Even though the Court's order allowed Plaintiffs to disclose an expert to opine about PTSD, the Court is not convinced that these sub-clinical categories are beyond the scope of the order. Ultimately, if Plaintiffs'

expert opines that Plaintiffs suffer from a sub-clinical diagnosis of PTSD, that is not so far afield from what the Court allowed.  And it does not rise to the serious level of Rule 37 sanctions.  Moreover, as Defendant has its own medical expert, it may attack the validity of Plaintiffs' expert opinions.

Accordingly, this Court **DENIES** Defendant's motion to strike untimely opinions of Plaintiffs' expert witness.

**SO ORDERED**, this 5th day of April, 2021.

s/ Thomas L. Parker<br>
THOMAS L. PARKER<br>
UNITED STATES DISTRICT JUDGE